UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

| | |
|---|---|
| E.M.P.C., *et al.*, | ) |
| *Plaintiffs*, | ) Case No. 1:26-cv-21565-DSL |
| v. | ) |
| Kristi NOEM, Secretary of the Department of Homeland Security, in her official capacity, *et. al.*, | ) |
| *Defendants*. | ) |

**[PROPOSED] ORDER GRANTING PLAINTIFFS'
MOTION FOR CLASS CERTIFICATION**

THIS CAUSE came before the Court on Plaintiffs' Motion for Class Certification and Memorandum of Law in Support. The Court, having reviewed the motion, the supporting memorandum of law, and the record in this case, and being otherwise duly advised, hereby **ORDERS AND ADJUDGES** as follows:

1. Plaintiffs' Motion for Class Certification is **GRANTED**.

2. This action is **CERTIFIED** as a class action pursuant to Federal Rules of Civil Procedure 23(a) and 23(b)(2). The Court further finds, in the alternative, that the class satisfies the requirements of Rules 23(b)(1)(A) and 23(b)(3).

3. The Court finds that the proposed class satisfies all four requirements of Rule 23(a): (a) the class is so numerous that joinder of all members is impracticable; (b) there are questions of law and fact common to the class; (c) the claims of the named Plaintiffs are typical of the claims of the class; and (d) the named Plaintiffs and their counsel will fairly and adequately protect the interests of the class.

4. The Court further finds that Defendants have acted on grounds that apply generally to the class, making final injunctive and declaratory relief appropriate as to the class as a whole under Rule 23(b)(2). The Court additionally finds, in the alternative, that common questions of law predominate over any individual questions and that a class action is superior to other available methods of adjudicating this controversy under Rule 23(b)(3).

5. The following class is hereby certified:

> All Cuban nationals who (1) were inspected and admitted or paroled into the United States; (2) have remained physically present in the United States for at least one year following their admission or parole; (3) have properly filed a Form I-485 Application to Register Permanent Residence or Adjust Status pursuant to the Cuban Adjustment Act with United States Citizenship and Immigration Services; and (4) whose I-485 applications are currently subject to the adjudication hold imposed by Policy Alert PA-2025-26 (November 27, 2025), Policy Memorandum PM-602-0192 (December 2, 2025), and/or Policy Memorandum PM-602-0194 (January 1, 2026). Excluded from the class are: Defendants, their officers, agents, and employees; any member of the federal judiciary assigned to this matter; and any person whose Form I-485 application has been finally adjudicated and denied on the merits prior to the date of this Order.

6. Plaintiffs E.M.P.C., et al., are **APPOINTED** as class representatives.

7. Arno Javier Lemus of Lemus Law Group is **APPOINTED** as class counsel pursuant to Federal Rule of Civil Procedure 23(g). The Court finds that proposed class counsel has identified and investigated the claims in this action, is knowledgeable in the applicable law, and is committed to representing the interests of the class.

8. Within **thirty (30) days** of the date of this Order, class counsel shall submit to the Court a proposed class notice plan pursuant to Federal Rule of Civil Procedure 23(c)(2), including the proposed form and method of notice to class members.

DONE AND ORDERED in Chambers in the Southern District of Florida, Miami Division, this _____ day of _____, 2026.

_____
HON. DAVID S. LEIBOWITZ
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF FLORIDA

Copies furnished to all counsel of record.