UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

|  |  |  |
|---|---|---|
| E.M.P.C., *et al.*, | ) ) ) | |
| *Plaintiffs*, | ) ) | Case No. 1:26-cv-21565-DSL |
| v. | ) ) ) | |
| Kristi NOEM, Secretary of the Department of Homeland Security, in her official capacity, *et al.*, | ) ) ) ) ) | |
| *Defendants*. | ) ) ) | |

DECLARATION OF ARNO JAVIER LEMUS
IN SUPPORT OF PLAINTIFFS' MOTION FOR CLASS CERTIFICATION

I, Arno Javier Lemus, declare as follows:

**BACKGROUND AND QUALIFICATIONS**

1. I am an attorney duly licensed to practice law in the State of Florida (Florida Bar No. 0103075) and am admitted to practice before the United States District Court for the Southern District of Florida. I am the founding attorney of Lemus Law Group, a Florida-based law firm.

2. I am counsel of record for all named Plaintiffs in this action and am proposed class counsel in Plaintiffs' Motion for Class Certification. I submit this declaration pursuant to Federal Rule of Civil Procedure 23(g)(1)(B) in support of that motion. I have personal knowledge of the matters set forth herein and could testify competently to each of them.

3. I have been licensed to practice law in Florida since April of 2013. My practice focuses on federal immigration law, including administrative proceedings before the United States

1

Citizenship and Immigration Services, immigration court proceedings before the Executive Office for Immigration Review, and federal court litigation arising under the Immigration and Nationality Act, the Administrative Procedure Act, and related federal statutes. I have direct federal court litigation experience, having filed and prosecuted multiple habeas corpus petitions and mandamus actions in the United States District Courts, including in this district, challenging unlawful immigration detention and compelling agency action on delayed adjudications.

4. I have represented Cuban nationals and other immigration clients in adjustment-of-status proceedings, removal defense, APA claims in federal court, and related federal litigation. I am familiar with the Cuban Adjustment Act, its legislative history, implementing regulations, and the administrative processes through which USCIS adjudicates I-485 applications filed pursuant to that statute.

5. Prior to founding Lemus Law Group, I served as Managing Attorney at Youth Co-Op, Inc., a nonprofit immigration legal services organization based in Miami, Florida, for approximately ten years. In that capacity, I supervised the legal representation of approximately 2,000 immigration clients across a broad range of matters, including adjustment of status, removal defense, asylum, and federal litigation. The substantial majority of those clients were Cuban nationals, and a significant portion of that caseload involved Cuban Adjustment Act proceedings, USCIS adjudication practice, and the regulatory framework governing adjustment of status for Cuban parolees and admittees. This concentrated experience with Cuban immigration law and policy — spanning both the statutory eligibility criteria and the adjudicatory procedures at issue in this action — informs and deepens my expertise in the precise legal claims asserted on behalf of the

proposed class. During that same period, I also developed substantial federal court litigation experience, filing and prosecuting habeas corpus petitions and mandamus actions in federal district court on behalf of immigration clients challenging unlawful detention and agency inaction. This experience developed my capacity to manage large-scale legal operations, coordinate multi-matter caseloads, litigate in federal court, and maintain consistent quality of representation across a high volume of clients — skills directly applicable to the responsibilities of class counsel in this action.

6. I currently serve as counsel of record in a pending class action filed in this district: *Bada Pando v. Noem,* Case No. 1:25-cv-25268 (S.D. Fla.), filed November 12, 2025. That action likewise arises under the Immigration and Nationality Act and the Administrative Procedure Act and involves challenges to categorical immigration agency policies affecting a proposed class of over 900 noncitizens. My experience managing a class action of that scale in this district has familiarized me with the obligations of class counsel before this Court, including class discovery, notice planning, the management of class-wide litigation strategy, and the practical administration of large class rosters — all of which are directly transferable to the responsibilities I would undertake as class counsel in this action.

## INVESTIGATION AND DEVELOPMENT OF THE CLAIMS IN THIS ACTION

7. Beginning in late 2025, I became aware of a series of policy directives issued by the United States Citizenship and Immigration Services that imposed a categorical hold on the adjudication of immigration benefit applications filed by nationals of certain countries, including Cuba. I undertook a thorough review of those directives and their legal basis.

8. I reviewed and analyzed the three Policy Directives at issue in this action: Policy Alert PA-2025-26 (November 27, 2025), Policy Memorandum PM-602-0192 (December 2, 2025),

3

and Policy Memorandum PM-602-0194 (January 1, 2026). I also reviewed Presidential Proclamation 10949 (June 4, 2025), issued pursuant to 8 U.S.C. § 1182(f), on which the Policy Directives are premised.

9. I analyzed the text of 8 U.S.C. § 1182(f) and its relationship to the Cuban Adjustment Act, Pub. L. No. 89-732, 80 Stat. 1161 (1966), and concluded that the Policy Directives improperly extended entry-restriction authority into the domestic benefit adjudication context in a manner not authorized by statute. This analysis formed the core legal theory of the § 1182(f) misapplication count in the Complaint.

10. I researched the Administrative Procedure Act claims, including the unreasonable delay framework under the *TRAC* factors, the arbitrary and capricious standard, and the agency-action-unlawfully-withheld doctrine. I reviewed relevant precedents from this district, the Eleventh Circuit, and other federal courts addressing challenges to categorical immigration policies.

11. I identified and consulted with the eighteen individuals who became the named Plaintiffs in this action. I reviewed each Plaintiff's Cuban passport, I-94 arrival record, and Form I-485 receipt notice to confirm statutory eligibility under the Cuban Adjustment Act and to verify that each Plaintiff's application was subject to the adjudication hold.

12. I prepared and filed the Complaint for Declaratory, Injunctive, and Mandamus Relief on March 9, 2026, bearing Case No. 1:26-cv-21565-DSL, and compiled and organized Exhibits A through R comprising the supporting documentation for each named Plaintiff.

13. I also filed a motion for leave for Plaintiffs to proceed under pseudonyms given the sensitive immigration circumstances of each named Plaintiff and the risk of harm from public identification.

## **KNOWLEDGE OF THE APPLICABLE LAW**

14. I am familiar with the Cuban Adjustment Act and its legislative history, including H.R. Rep. No. 89-732 (1966) and the agency precedents interpreting the statute as remedial legislation requiring broad construction. I am familiar with the statutory eligibility criteria, the adjudication procedures established by USCIS, and the legal distinction between admitted and paroled noncitizens and its effect on CAA eligibility.

15. I am familiar with the Administrative Procedure Act, 5 U.S.C. §§ 701–706, including the reviewability standards applicable to claims of agency action unlawfully withheld, unreasonable delay, and arbitrary and capricious agency action. I am familiar with the TRAC framework and its application in this district.

16. I am familiar with the relevant constitutional standards, including the Due Process Clause of the Fifth Amendment and the Mathews v. Eldridge balancing framework as applied to immigration proceedings.

17. I am familiar with the limits of executive authority under 8 U.S.C. § 1182(f), including the recent decisions in *RAICES v. Noem,* 793 F. Supp. 3d 19 (D.D.C. 2024), and *Pacito v. Trump,* 797 F. Supp. 3d 1227 (D.D.C. 2025), addressing the scope of that authority in relation to congressionally enacted immigration procedures.

18. I am familiar with Federal Rule of Civil Procedure 23 and the standards applicable to class certification motions in this district, including the requirements of numerosity, commonality, typicality, and adequacy of representation under Rule 23(a), and the requirements of Rule 23(b)(1)(A), (b)(2), and (b)(3).

## RESOURCES AND COMMITMENT TO THE CLASS

19. Lemus Law Group is prepared to commit the resources necessary to vigorously represent the proposed class in this litigation, including conducting class-wide discovery, preparing and arguing dispositive motions, managing class notice and communications with class members, and prosecuting this matter through final judgment and any appellate proceedings. My experience managing a caseload of approximately 2,000 clients — the substantial majority of whom were Cuban nationals with Cuban Adjustment Act matters — at Youth Co-Op, Inc., and my ongoing responsibilities as class counsel in a proposed class action of over 900 members in Bada Pando v. Noem, Case No. 1:25-cv-25268 (S.D. Fla.), demonstrate the organizational capacity, subject-matter expertise, and institutional knowledge necessary to manage a class action of this scope in this Court. Our firm is backed by three attorneys and twenty paralegal/clerical support staff. The firm will channel all the required human capital towards the management of the present action.

20. I am not aware of any conflicts of interest between myself, Lemus Law Group, or any of the named Plaintiffs and the interests of the proposed class. All named Plaintiffs seek the same relief — an order requiring Defendants to resume and complete the adjudication of their Form I-485 applications — and that relief is aligned with the interests of every member of the proposed class.

21. I am committed to prosecuting this action vigorously on behalf of all class members and to keeping class members informed of material developments in the litigation to the extent practicable given the pseudonymous nature of the proceedings.

22. I have the capacity and willingness to take on the responsibility of class counsel in this matter and understand the obligations that appointment entails under Federal Rule of Civil

Procedure 23(g), including the duty to fairly and adequately represent the interests of the class.

* * *

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge and belief.

Executed on March 11, 2026, in Miami, Florida

                                            Respectfully submitted,

                                            /s/ Arno Lemus
                                            Arno Javier Lemus
                                            FL Bar No.: 0103075
                                            Attorney E-mail: lemusarno@gmail.com
                                            Lemus Law Group
                                            1024 NW 102 PL
                                            Miami, FL 33172
                                            Telephone: (786) 816-2795
                                            Attorney for Plaintiffs