UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

|  |  |
|---|---|
| E.M.P.C., *et al.*, | ) |
| *Plaintiffs*, | ) Case No. 1:26-cv-21565-DSL |
| v. | ) **MOTION FOR** |
|  | ) **TEMPORARY RESTRAINING ORDER** |
| Kristi NOEM, Secretary of the Department of Homeland Security, in her official capacity, *et al.*, | ) **AND PRELIMINARY INJUNCTION** |
| *Defendants*. | ) |

**PLAINTIFFS' MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION**

Plaintiffs, pursuant to Federal Rule of Civil Procedure 65, respectfully request that the Court grant their Temporary Restraining Order and Preliminary Injunction to prevent the Defendants from retaliatory actions against the Plaintiffs that include, but is not limited to, indefinite immigration detention and removal from the United States.

Plaintiffs' counsel has not yet had an opportunity to confer with counsel for Defendants because no such counsel has been identified at the time of filing this motion. The grounds for this motion are set forth in the accompanying memorandum, the Complaint, and the applicable law.

WHEREFORE, Plaintiffs respectfully request that this Court enter an Temporary Restraining Order, followed by a Preliminary Injunction after notice and hearing.

1

<table>
<tr><td>Dated: March 11, 2026</td><td>Respectfully submitted,<br><br>/s/ Arno Lemus<br>Arno Javier Lemus<br>FL Bar No.: 0103075<br>Attorney E-mail: lemusarno@gmail.com<br>Lemus Law Group<br>1024 NW 102 PL<br>Miami, FL 33172<br>Telephone: (786) 816-2795<br>Attorney for Plaintiffs</td></tr>
</table>

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

| | |
|---|---|
| E.M.P.C., *et al.*, | ) |
| *Plaintiffs*, | ) Case No. 1:26-cv-21565-DSL |
| v. | ) |
| Kristi NOEM, Secretary of the Department of Homeland Security, in her official capacity, *et al.*, | ) |
| *Defendants*. | ) |

**MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION**

**INTRODUCTION**

Plaintiffs are all natives and citizens of Cuba, they were all inspected and admitted or paroled into the United States, and they all have I-485, Applications to Register Permanent Residence or Adjust Status, pursuant to the Cuban Adjustment Act ("CAA Application"), pending with U.S. Citizenship and Immigration Services ("USCIS"). Through their complaint, Plaintiffs are challenging USCIS' policy memorandums, PM-602-0192 and PM-602-0194, which have placed their CAA Applications on indefinite hold. They seek immediate injunctive relief to protect them from possible imminent harm by the Defendants.

Because the Plaintiffs are challenging government immigration policies and actions, they fear retaliatory actions against them in the form of possible targeted indefinite immigration detention

3

and possible removal from the United States.

For these reasons, Plaintiffs ask this Court to provide immediate relief, enjoining Defendants from facilitating and/or aiding in any way the Plaintiffs' indefinite immigration detention and removal from the United States.

## LEGAL STANDARD

To obtain temporary and preliminary injunctive relief, Plaintiffs must demonstrate that (1) they are likely to succeed on the merits, (2) they are likely to suffer irreparable harm in the absence of preliminary relief, (3) the balance of the equities tips in their favor, and (4) an injunction is in the public interest. *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008); *see also Schiavo ex. rel. Schindler v. Schiavo*, 403 F.3d 1223, 1225-26 (11th Cir. 2005). Immediate injunctive relief is an "extraordinary and drastic remedy, and [the movant] bears the burden of persuasion to clearly establish all four of these prerequisites." *Wreal, LLC v. Amazon.com, Inc.*, 840 F.3d 1244, 1247 (11th Cir. 2016). When the government is a party, the balance of equities and public interest merge. *Nken v. Holder*, 556 U.S. 418, 435 (2009). Under the circumstances presented herein, no security bond is required under Federal Rule of Civil Procedure 65(c).

## ARGUMENT

**I.      Plaintiffs are likely to succeed on the merits**

Plaintiffs, through their complaint, are challenging USCIS' policy memorandums, PM-602-0192 and PM-602-0194, which have placed their CAA Applications on indefinite hold. Plaintiffs are all natives and citizens of Cuba, they were all inspected and admitted or paroled into the United States, and they all have a CAA Application pending with USCIS. Plaintiffs are all *prima facie* eligible for legal permanent residency through the Cuban Adjustment Act ("Cuban Act"), and they are

4

only waiting for the adjudication of their pending applications. *See* Pub. L. No. 89-732, 80 Stat. 1161 (1966). The Cuban Adjustment Act has not changed, nor have its eligibility requirements. Plaintiffs remain statutorily eligible for lawful permanent residence under the Act.

The only change is Defendants' policy: USCIS's issuance of Policy Memoranda PM-602-0192 and PM-602-0194, which arbitrarily suspend the adjudication of immigration benefit applications from nationals of certain countries, including Cuba, thereby unlawfully obstructing Plaintiffs' access to the relief Congress created. The Policy Memorandums derives its alleged authority from a presidential entry restriction, which in turn relies on 8 U.S.C. § 1182(f). That statute authorizes the President to suspend the entry of certain noncitizens into the United States when their entry would be detrimental to the interests of the United States. However, Plaintiffs are not seeking entry into the United States. Plaintiffs are already present in the United States, and they were all inspected and admitted or paroled into the United States. The Defendants, by relying on 8 U.S.C. § 1182(f) to suspend the adjudication of Plaintiffs' CAA Applications, have exceeded the scope of the statute and are now exceeding the authority of the statute to suspend domestic immigration benefits applications.

Defendants' categorical, indefinite suspension of Plaintiffs' CAA Applications have deprived Plaintiffs of their rights to relief under the Cuban Act, and, consequently, has exposed them all to possible indefinite immigration detention and possible removal from the United States while the indefinite suspension of processing immigration benefit applications remains in place.

Plaintiffs will likely succeed on the merits because the indefinite suspension of immigration benefit applications violates the Administrative Procedure Act, it exceeds Defendants' statutory authority, it conflicts with the Cuban Act, and it deprives Plaintiffs of the procedural protections

guaranteed by the Due Process Clause of the Fifth Amendment.

At a minimum, Plaintiffs have raised serious questions going to the merits of their claims sufficient to warrant interim injunctive relief. Preservation of the status quo is necessary to ensure that retaliatory actions against Plaintiffs, in the form of possible targeted indefinite immigration detention and possible removal from the United States, are prevented while the merits of the Plaintiffs' complaint is adjudicated.

## II.     Plaintiffs will suffer irreparable harm absent injunctive relief

Parties seeking preliminary injunctive relief must also show they are "likely to suffer irreparable harm in the absence of preliminary relief." *Winter*, 555 U.S. at 20. Irreparable is harm for which there is "no adequate legal remedy, such as an award of damages" *Ariz. Dream Act. Coal. v. Brewer (Ariz. I)*, 757 F.3d 1053, 1068 (9th Cir. 2014); *see also Daniels Health Scis., L.L.C. v. Vascular Health Scis., L.L.C.*, 710 F.3d 579, 585 (5th Cir. 2013).

Plaintiffs will suffer irreparable harm resulting from indefinite immigration detention and removal from the United States. Under the current administration, there has been an increased focus on detaining and removing noncitizens as much and as soon as possible. Indeed, this very firm has several Cuban parolees in detention now. No deference was provided by defendants concerning the pending USCIS benefits applications and instead defendants apprehended and detained these individuals.

Plaintiffs were all inspected and admitted or paroled into the United States. Plaintiffs are all considered "arriving aliens," which means that they are "an applicant for admission or attempting to come into the United States at a port-of-entry." *See* 8 C.F.R. § 1.2. Arriving aliens are not eligible for release on bond from immigration detention, and detention is mandatory for the

6

duration of their removal proceedings. *See* 8 U.S.C. § 1225(b). Because of the Defendants' current indefinite pause on the adjudication of Plaintiffs' CAA Applications, Plaintiffs may face indefinite immigration detention, despite having CAA Application, pending with USCIS. Unless and until the pause on adjudication immigration benefit applications are lifted, Plaintiffs would face mandatory immigration detention, and possible removal from the United States, all because of Defendants' arbitrary and unlawful indefinite hold on immigration benefit applications.

Absent injunctive relief, Defendants' indefinite suspension of Plaintiffs' CAA Applications will expose Plaintiffs to mandatory immigration detention and removal from the United States, with no adjudication of their pending applications and no path to the legal status to which they are entitled.

### III.   The balance of hardships and public interest weigh heavily in Plaintiffs' favor

The final two factors for injunctive relief – the balance of hardships and public interest – "merge when the Government is the opposing party." *Nken v. Holder*, 556 U.S. 418, 435 (2009). Here, Plaintiffs face weighty hardships, namely deprivation of their liberty if they are faced with indefinite immigration detention, and removal to Cuba where they are likely to face persecution and retaliation from the Cuban government for deserting Cuba, and returned after living in the United States, which is viewed negatively by the current Cuban regime.

Defendants, by contrast, face minimal cognizable hardship. The requested injunction would merely require Defendants to refrain from enforcing policies that violate federal law. The Eleventh Circuit has recognized that the public has no interest in the enforcement of unlawful governmental action. *KH Outdoor, LLC v. City of Trussville*, 458 F.3d 1261, 1272 (11th Cir. 2006). The Eleventh Circuit has likewise recognized that enjoining unlawful government conduct serves, rather than harms, the public interest. *Swain v. Junior*, 958 F.3d 1081, 1091 (11th Cir. 2020).

Moreover, Defendants cannot claim harm from an injunction that merely requires compliance with governing law. *America's Health Ins. Plans v. Hudgens*, 742 F.3d 1319, 1331 (11th Cir. 2014) ("[f]rustration of federal statutes and prerogatives are not in the public interest"). The public interest is served by the faithful execution of the immigration laws, including the statutory protections Congress enacted through the Cuban Adjustment Act. *Jean v. Nelson*, 727 F.2d 957, 983 (11th Cir. 1984) (en banc) (recognizing that immigration decisions must comply with constitutional and statutory constraints); *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 576 (1992) (discussing "the public interest in Government observance of the Constitution and laws").

## CONCLUSION

For the foregoing reasons, Plaintiffs request that the Court grant their Temporary Restraining Order, followed by a Preliminary Injunction after notice and hearing, to enjoin Defendants from facilitating and/or aiding in any way the Plaintiffs' indefinite immigration detention and removal from the United States.

Dated: March 11, 2026

Respectfully submitted,

/s/ Arno Lemus
Arno Javier Lemus
FL Bar No.: 0103075
Attorney E-mail: lemusarno@gmail.com
Lemus Law Group
1024 NW 102 PL
Miami, FL 33172
Telephone: (786) 816-2795
Attorney for Plaintiffs