**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 1:26-cv-21565-LEIBOWITZ/Hernandez**

**E.M.P.C.,** *et al.*,

　　*Plaintiffs*,

*v.*

**MARKWAYNE MULLIN,** *et al.*,

　　*Defendants*.

_____/

**JULIO ALBERTO TRAVIESO,** *et al.*,

　　*Plaintiffs*,

*v.*

**JOSEPH B. EDLOW,** *et al.*,

　　*Defendants*.

_____/

## REPORT AND RECOMMENDATION

THIS CAUSE is before the Court on Travieso Plaintiffs' Unopposed Motion to Sever (the "Motion"). [ECF No. 50].[1]  Travieso Plaintiffs request that the Court sever their claims from this consolidated action, *E.M.P.C. et al. v. Secretary of Homeland Security et al.*, Case No. 1:26-cv-21565 ("E.M.P.C. Action"), and permit them to proceed separately under their original docket, *Travieso et al. v. Edlow et al.*, Case No. 1:26-cv-21935 ("Travieso Action").  Mot. at 1.  Having considered the records of both cases, the applicable law, and being otherwise fully advised, we respectfully recommend that the Court **GRANT** the Motion.

---

[1] The Honorable David S. Leibowitz referred the Motion to us for a report and recommendation.  [ECF No. 55].

## BACKGROUND

This consolidated action arises from two lawsuits, filed two weeks apart, challenging recent policies and actions of the United States Citizenship and Immigration Services ("USCIS").  On March 9, 2026, E.M.P.C. Plaintiffs filed their complaint.  [ECF No. 1].  Two days later, they filed a motion for a temporary restraining order and preliminary injunction, [ECF No. 6], and a motion for class certification, [ECF No. 5].  The Travieso Plaintiffs filed their complaint on March 23, 2026, [Travieso ECF No. 1[2]], and a motion for preliminary injunction and preliminary vacatur on April 10, 2026, [Travieso ECF No. 15].  In both cases, the litigation centered on USCIS policies that Travieso and E.M.P.C. Plaintiffs alleged negatively impacted Cuban nationals seeking to adjust their status under the Cuban Refugee Adjustment Act ("CAA").  *See* [ECF No. 1 at 3–5; Travieso ECF No. 1 at 7–8].  Travieso Plaintiffs challenged USCIS Policy Memoranda PM-602-0192 and PM-602-0194 (the "Hold Memoranda"), and USCIS Policy Alert PA-2025-26 (the "Discretion Memorandum").  [Travieso ECF No. 1 at 7–8; Travieso ECF No. 15 at 4].  E.M.P.C. Plaintiffs' original complaint appeared to challenge these same policies, [ECF No. 1 at 29–30], but later filings clarified they were only challenging the Hold Memoranda, [ECF No. 6 at 3–5; ECF No. 58-1 ¶¶ 55, 66].

On April 16, 2026, the district court consolidated the cases for pretrial purposes, reasoning that, because the actions "name[d] some of the same defendants, assert[ed] similar claims, [sought] similar relief (including preliminary injunctive relief), challenge[d] similar executive policies, and implicate[d] the legal interests of a broad swathe of Cuban nationals seeking immigration benefits, particularly under [the CAA]," consolidation was prudent.  [ECF No. 18 at 2].

On May 5, 2026, we held a hearing on Travieso Plaintiffs' preliminary injunction motion.

---

[2] Refers to the pre-consolidation docket in Case No. 26-cv-21935.

[ECF No. 36]. The day before the hearing, E.M.P.C. Plaintiffs withdrew their pre-consolidation motion for a temporary restraining order and preliminary injunction. [ECF No. 35]. At the hearing, which E.M.P.C. Plaintiffs attended, Travieso Plaintiffs intimated they wished to sever their cases, noting differences between the consolidated plaintiffs' litigation strategies and objectives—particularly Travieso Plaintiffs' additional challenge to the Discretion Memorandum.[3] [ECF No. 36].

In the weeks following the preliminary injunction hearing, both E.M.P.C. and Travieso Plaintiffs clarified and refined their arguments, such that consolidation no longer seems warranted. For example, on May 18, 2026, Travieso Plaintiffs filed their opposition to E.M.P.C.'s motion for class certification, highlighting differences in litigation strategy between the two plaintiff groups. [ECF No. 48 at 2–4]. Furthermore, on May 29, 2026, E.M.P.C. Plaintiffs moved for leave to file a second amended complaint, seeking to narrow the proposed class in a way that further distinguishes their position from that of Travieso Plaintiffs. [ECF No. 58 at 1, 4–5; ECF No. 48 at 4–5]. Specifically, they suggest limiting class membership to "arriving aliens—Cuban nationals who were paroled into the United States" under specific immigration provisions. [ECF No. 58 at 4–5]. Travieso Plaintiffs, meanwhile, plan to amend their complaint "to bring in new plaintiffs who are not nationals of Cuba, but who will likely be nationals of countries affected by the [USCIS] policies" they challenge. [ECF No. 50 at 2].

It is within this context that we consider Travieso Plaintiffs' Motion, which seeks severance so that the two sets of plaintiffs may pursue their increasingly divergent claims, litigation strategies, and requested relief independently, *id.* at 1–3.

---

[3] Indeed, in a filing unrelated to the preliminary injunction hearing, Travieso Plaintiffs expressed concern that the consolidated proceedings had already created a conflict of interest by requiring the co-plaintiffs to argue against each other to advance their own claims. [ECF No. 25 at 14–15].

**DISCUSSION**

Federal Rule of Civil Procedure 42(a) grants courts "broad discretion to consolidate cases pending within [their] district." *Shelby Twp. Police & Fire Ret. Sys. v. Celsius Holdings, Inc.*, No. 24-CV-81472, 2025 WL 671395, at *1 (S.D. Fla. Mar. 3, 2025); Fed. R. Civ. P. 42(a). Rule 21, in turn, authorizes courts to sever any claims against a party. Fed. R. Civ. P. 21. In determining whether severance is appropriate, the court may consider "(1) whether the claims arise from the same transaction or occurrence, (2) whether they share some common question o[f] law or fact, (3) whether severance would facilitate settlement or judicial economy, and (4) the relative prejudice to each side if the motion is granted or denied." *Nation Motor Club, Inc. v. Stonebridge Cas. Ins. Co.*, No. 10-CV-81157, 2013 WL 6713567, at *8 (S.D. Fla. May 20, 2013).

The post-consolidation history of this case highlighted differences in E.M.P.C. and Travieso Plaintiffs' claims, arguments, and requested relief that support severance. As noted, unlike E.M.P.C. Plaintiffs, who target the Hold Memoranda, the Travieso Plaintiffs challenge the Hold Memoranda *and* the Discretion Memorandum. This difference in claims directly impacts the requested remedies. As Travieso Plaintiffs put it, the central difference is between "adjudication-now remedies versus structured agency rules challenge remedies." [ECF No. 50 at 3]. Where E.M.P.C. Plaintiffs seek only to lift what they view as an impermissible pause in adjudication under the Hold Memoranda, *see e.g.*, [ECF No. 58-1 ¶¶ 55, 66], Travieso Plaintiffs seek to invalidate the Discretion Memo as well, which they view as unlawfully changing the framework for adjudicating certain benefits applications, *see* [ECF No. 48 at 2–4]. Moreover, as disclosed in the consolidated plaintiffs' recent filings, they have very different plans for the future of their respective cases. E.M.P.C. Plaintiffs wish to narrow their class definition—which would still cover exclusively Cuban nationals. [ECF No. 58 at 4–5]. Travieso Plaintiffs, on the other hand,

4

plan to challenge another USCIS policy that would "require the inclusion of new plaintiffs having nothing in common with the [E.M.P.C. Plaintiffs]." [ECF No. 50 at 3]. These differences will likely continue to push the litigation along separate paths, which undermines the goals of facilitating settlement and promoting judicial economy.

Regarding the prejudice factor, the parties' diverging litigation objectives have already caused some friction. *See e.g.*, [ECF Nos. 24, 25, 27]. As the record shows, the two sets of plaintiffs have previously advanced, and will likely continue to advance, arguments that are in tension with one another. *See e.g.*, [ECF No. 25 at 14–15 ("[T]he fact that the Travieso [P]laintiffs are now in a position that they are stating that the E.M.P.C. [P]laintiffs' motion . . . is barred . . . , and have also pointed out several other flaws in the E.M.P.C. [P]laintiffs' case, gives rise to a conflict of interest in the positions being taken by these separate groups of plaintiffs."). Adding this to the potential prejudice stemming from the consolidated plaintiffs' differing litigation strategies, this factor also weighs in favor of severance. Notably, Defendants do not oppose the requested relief, [ECF No. 50 at 4], and so we may infer that they do not foresee any prejudice to themselves in severing the cases.

5

\*      \*      \*

For the foregoing reasons, we respectfully recommend that the Court **GRANT** the Motion.

Under Magistrate Rule 4(b), the parties have 14 days from the date of this report and recommendation to serve and file written objections, if any, with the District Judge.  Because the Motion is unopposed, [ECF No. 50 at 1, 4], any party intending to file objections shall file a notice of that intent within 5 days of receipt of service of this report and recommendation.  Failure to timely file objections shall bar the parties from a de novo determination by the District Judge of an issue covered in the report and bar the parties from attacking on appeal the factual findings contained herein.  *R.T.C. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *LoConte v. Dugger*, 847 F.2d 745 (11th Cir. 1988); *Nettles v. Wainwright*, 677 F.2d 404, 410 (5th Cir. 1982) (en banc); 28 U.S.C. § 636(b)(1).

**DONE AND RECOMMENDED** in the Southern District of Florida on June 5, 2026.

_____
**YENEY HERNANDEZ**
**UNITED STATES MAGISTRATE JUDGE**

6