**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Case No. 1:26-cv-21565-LEIBOWITZ**

**E.M.P.C.**, *et al.*,

     Plaintiffs,

**v.**

**JULIO ALBERTO TRAVIESO**, *et al.*,

     Consolidated Plaintiffs,

**v.**

**MARKWAYNE MULLIN**, *et al.*,

     Defendants.

_____/

### CONSOLIDATED *TRAVIESO* PLAINTIFFS' THIRD NOTICE OF PENDING, REFILED, RELATED OR SIMILAR ACTION

The consolidated *Travieso* plaintiffs, by and through their undersigned counsel, and pursuant to Southern District of Florida Local Rule 3.8, hereby give notice of the following related or similar action:

- *Sister Maria del Rosario Gutierrez* v. *Edlow*, No. 26-CV-24022-GAYLES.[1]

The *Travieso* plaintiffs previously advised the Court that they would be filing a First Amended Complaint. However, given the number of plaintiffs involved in the *Sister Gutierrez* case, a new stand-alone complaint was filed due to the belief that doing so would be more organized, and would afford the Court greater flexibility in how it decides to manage its docket.

As noted in the *Sister Gutierrez* case (D.E. 1-3, No. 26-24022), that action challenges the

---

[1] A Notice of Pending, Refiled, Related or Similar Actions was filed in that case with the complaint under docket entry number 1-3, giving notice of these consolidated actions.

same agency memoranda and rules being challenged by the *Travieso* plaintiffs, but with the addition of a challenge to a new agency policy, USCIS Policy Memorandum, PM-602-0199, *Adjustment of Status is a Matter of Discretion and Administrative Grace, and an Extraordinary Relief that Permits Applicants to Dispense with the Ordinary Consular Visa Process* (May 21, 2026) (the Extraordinary Equities Memo).   Additionally, given that the Extraordinary Equities Memo on its face cannot apply to Cuban Adjustment Act (CAA) cases which are not eligible for consular processing, all of the plaintiffs in the *Sister Gutierrez* case are applicants for adjustment of status under 8 U. S. C. § 1255.

But, beyond those minor differences, the *Sister Gutierrez* case and the *Travieso* case have significant overlap with regard to the agency actions at issue, and that their claims are essentially the same in nature.   Further, the *Travieso* plaintiffs and the *Sister Gutierrez* plaintiffs respectfully submit that the most efficient way to resolve their cases would be to sever the *Travieso* action from the *E.M.P.C.* action, and to then consolidate the *Travieso* and *Sister Gutierrez* cases.

Specifically, given that the *Travieso* Plaintiffs' Motion for Preliminary Injunction, A Stay Preliminarily Vacating Agency Action under 5 U. S. C. §§ 705 & 706(2), and Summary Judgment in the Alternative (D.E. 15, No. 26-21935) was recently heard on May 5, 2026, Minute Entry (D.E. 36, No. 26-21565), transfer and consolidation for the Court to also consider the legality of the new agency action, PM-602-0199, in a single, consolidated action would promote the efficient use of judicial and party resources.   It would also allow the *Sister Gutierrez* plaintiffs to file a Supplemental Motion for Preliminary Injunction, A Stay Preliminarily Vacating Agency Action under 5 U. S. C. §§ 705 & 706(2), and Summary Judgment in the Alternative with respect to the new agency action, PM-602-0199, without having to repeat arguments already made by the *Travieso* plaintiffs as to their agency memoranda and rules at issue.

Respectfully submitted,

Dated: June 9, 2026

**s/ Mark Andrew Prada**
Fla. Bar No. 91997
**s/ Anthony Richard Dominguez**
Fla. Bar No. 1002234
Prada Dominguez, PLLC
12940 SW 128 Street, Suite 203
Miami, FL 33186
o. 786.703.2061
c. 786.238.2222
mprada@pradadominguez.com
adominguez@pradadominguez.com

**s/ Claudia Canizares**
Fla. Bar No. 98308
Canizares Law Group, LLC
8360 W. Flagler Street, Suite 200
Miami, FL 33144
o. 305.680.0036
claudia@abogadadeinmigracion.us

*Counsel for Travieso Plaintiffs*

3