**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 1:26-cv-21565-LEIBOWITZ/Hernandez**

**E.M.P.C., *et al.*,**

*Plaintiffs*,

*v.*

**MARKWAYNE MULLIN, *et al.*,**

*Defendants*.
_______________________________________/

**JULIO ALBERTO TRAVIESO, *et al.*,**

*Plaintiffs*,

*v.*

**JOSEPH B. EDLOW, *et al.*,**

*Defendants*.
_______________________________________/

**REPORT AND RECOMMENDATION**

Before the Court is E.M.P.C. Plaintiffs' Motion to Certify Class (the "Motion"). [ECF No. 5].[1] Since filing the Motion, E.M.P.C. Plaintiffs have twice amended their complaint, and these amendments have altered the proposed class and core issues in the case. [ECF Nos. 30, 41, 58, 63]. This means that the Second Amended Complaint's proposed class is different from the Motion's proposed class. *Compare* [ECF No. 5 at 3], *with* [ECF No. 63 ¶ 68]. E.M.P.C. Plaintiffs' claims and underlying legal theories have also evolved since it first sought class certification. And so, because the Motion does not address the operative class or the operative *issues* in the case, we respectfully recommend that the Motion be **DENIED as moot**.

---

[1] The Honorable David S. Leibowitz referred the Motion to us for a report and recommendation. [ECF No. 17].

## Background

E.M.P.C. Plaintiffs filed their original complaint on March 9, 2026, asserting, among others, claims under the Administrative Procedures Act ("APA"), the Cuban Adjustment Act ("CAA"), and the Fifth Amendment. [ECF No. 1 ¶¶ 62–139]. Two days later, they filed the instant Motion. [ECF No. 5].

In the complaint, E.M.P.C. Plaintiffs challenged USCIS policies pausing adjudication of certain immigration benefits applications[2] (the "Hold Memos"). [ECF No. 1 at 29 ¶ c]. The Complaint *also* sought to set aside a policy outlining certain country-specific negative factors to be considered in adjudicating those applications[3] (the "Discretion Memo"). *Id.* The Complaint did not, however, include any class-related allegations, something Travieso Plaintiffs pointed out in a filing unrelated to the Motion. *See* [ECF No. 25 at 8–9]. To correct that deficiency, E.M.P.C. Plaintiffs moved to amend, [ECF No. 30], and we allowed them to do so, [ECF No. 40]. E.M.P.C. Plaintiffs filed their amended complaint (the "First Amended Complaint") on May 11, 2026. [ECF No. 41].

A week later, Defendants and Travieso Plaintiffs filed their respective briefs opposing the Motion. [ECF Nos. 47 & 48]. By then, E.M.P.C. Plaintiffs had represented they were not, in fact, challenging the Discretion Memo.[4] [ECF No. 36 (acknowledging at oral argument that unlike Travieso Plaintiffs, E.M.P.C. Plaintiffs seek to invalidate only the Hold Memos)]. Travieso Plaintiffs argued that, by failing to "distinguish between arriving aliens . . . and non-arriving aliens," the Motion's proposed class failed the commonality requirement. [ECF No. 48 at 4]. This is because arriving and non-arriving aliens face different consequences depending on which policies are set aside—and when. *Id.* at 4–5. According to Travieso Plaintiffs, if the Hold Memo is lifted but the Discretion Memo

[2] USCIS Policy Memoranda, PM-602-0192 and PM-602-0194.
[3] USCIS Policy Alert, PA-2025-26.
[4] Despite this representation, E.M.P.C. Plaintiffs' Amended Complaint retained language in the "prayer for relief" section that sought to invalidate the Discretion Memo. [ECF No. 41 at 34 ¶ d].

remains in place, arriving aliens risk having their applications denied without recourse, while non-arriving aliens might still have a second opportunity to present their claims before an immigration judge. *Id.* at 5 ("[N]on-arriving aliens may have an interest in having their applications adjudicated *now*, as opposed to *after* the Court rules on the validity of the Discretion Memo . . . because they can have a full second shot . . . before an immigration judge[.]" (emphasis in original)).

On May 29, 2026, E.M.P.C. Plaintiffs again asked the Court for leave to amend in direct response to their co-plaintiffs' objections. [ECF No. 58 at 1]. They explained that the proposed amendments would "make[] targeted corrections that respond directly to deficiencies the opposing parties raised in their oppositions to class certification." *Id.* Importantly, those corrections included "narrow[ing] and refin[ing] the class definition so that membership is limited to [] arriving aliens." *Id.* With the Court's permission, [ECF No. 62], E.M.P.C. Plaintiffs filed their second amended complaint (the "Second Amended Complaint") on June 10, 2026, [ECF No. 63]. The Second Amended Complaint finally removed language asking for the Discretion Memo to be set aside. *Id.* at 45–46.

The Motion, of course, incorporates none of these significant changes to E.M.P.C. Plaintiffs' proposed class definition, claims, or arguments. Because we cannot assess the merits of the Motion in its current state, we respectfully recommend that it be **DENIED as moot**.

## Discussion

Rule 23 is more than a "mere pleading standard"; it requires the party seeking class certification to "affirmatively demonstrate [] compliance with the Rule" and requires the district court to undertake a "rigorous analysis" of whether the Rule's requirements have been satisfied. *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350–51 (2011).

In conducting this rigorous analysis, courts should "consider the merits of the case to the degree necessary to determine whether the requirements of Rule 23 will be satisfied." *Heffner v. Blue Cross & Blue Shield of Alabama, Inc.*, 443 F.3d 1330, 1337 (11th Cir. 2006) (quotation omitted). Indeed,

"sometimes it may be necessary for the court to probe behind the pleadings before coming to rest on the certification question." *Gen. Tel. Co. of Sw. v. Falcon*, 457 U.S. 147, 160 (1982). Such an inquiry is often required as "court[s] must understand the claims, defenses, relevant facts, and applicable substantive law in order to make a meaningful determination of the certification issues." *Pinchasov v. Robinhood Fin. LLC*, No. 20-24897-CIV, 2021 WL 4991238, at *2 (S.D. Fla. Sep. 10, 2021) (Altonaga, C.J.) (quoting *Castano v. Am. Tobacco Co.*, 84 F.3d 734, 744 (5th Cir. 1996)).

Turning to the instant Motion, the briefing before us does not support the "rigorous analysis" required by Rule 23. Not only is the Motion linked to a complaint that has been superseded twice—a complaint that, when the Motion was filed, did not include *any* class allegations—but the Second Amended Complaint is now the product of multiple issues raised by the parties *in their challenges to* class certification.

We consider it unwise to build on such shifting sands. First, the proposed class alleged in the Motion is materially different from the class E.M.P.C. Plaintiffs seek to certify in their Second Amended Complaint. In the Motion, E.M.P.C. Plaintiffs define the class as: "[a]ll Cuban nationals who [] were inspected and admitted or paroled into the United States[.]" [ECF No. 5 at 3]. As E.M.P.C. Plaintiffs acknowledged when they moved to amend the complaint a second time, the class definition in the Motion is significantly broader than the definition in the operative pleading. [ECF No. 58 at 1 (requesting leaving to amend to "narrow[] and refine[] the class definition")]. Indeed, the Second Amended Complaint limits the proposed class to: "[a]ll Cuban nationals who [] are arriving aliens within the meaning of 8 C.F.R. § 1.2 who were paroled into the United States under section 212(d)(5) of the INA[.]" [ECF No. 63 ¶ 68]. Adding to the confusion, Defendants and Travieso Plaintiffs directed their opposition briefs to the broader class definition in the Motion, not the narrower definition E.M.P.C. Plaintiffs would have us review now. *See* [ECF Nos. 47 & 48].

Second, E.M.P.C. Plaintiffs' evolving claims, which initially targeted both the Hold and

Discretion Memos, but now apparently challenge only the Hold Memos, directly bear on Rule 23's commonality requirement. The key inquiry for commonality "is not the raising of common questions . . . but rather, the capacity of a class-wide proceeding to generate common *answers* apt to drive the resolution of the litigation." *Wal-Mart Stores, Inc.*, 564 U.S. at 350 (emphasis in original) (cleaned up). But the Motion as currently briefed contemplates a class divided—one whose members may have mutually inconsistent interests, as Travieso Plaintiffs have noted and E.M.P.C. have tacitly acknowledged by narrowing their class definition. The recently amended complaint may have addressed that issue, but the Motion does not. And, as mentioned, the Motion still defines the proposed class by reference to a policy E.M.P.C. Plaintiffs are no longer even challenging. [ECF No. 5 at 1, 3]. Thus, the Motion, which proposes an abandoned class definition and advances arguments that have been superseded, should be denied as moot.

* * *

For the foregoing reasons, we respectfully recommend the Motion be **DENIED as moot**.

Under Magistrate Rule 4(b), the parties have 14 days from the date of this Report and Recommendation to serve and file written objections, if any, with the District Judge. Failure to timely file objections shall bar the parties from a de novo determination by the District Judge of an issue covered in the report and bar the parties from attacking on appeal the factual findings contained herein. *R.T.C. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *LoConte v. Dugger*, 847 F.2d 745 (11th Cir. 1988); *Nettles v. Wainwright*, 677 F.2d 404, 410 (5th Cir. 1982) (en banc); 28 U.S.C. § 636(b)(1).

**DONE AND RECOMMENDED** in the Southern District of Florida on June 25, 2026.

**YENEY HERNANDEZ**
**UNITED STATES MAGISTRATE JUDGE**