**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 26-21565-CIV-LEIBOWITZ/HERNANDEZ**

**E.M.P.C.**, *et al*.,

  Plaintiffs,

v.

**MARKWAYNE MULLIN**,
Secretary of Homeland Security, *et al*.,

  Defendants

_____/

**DEFENDANTS' RESPONSE TO THE**
**ORDER REQUIRING SUPPLEMENTAL BRIEFING**

Defendants, by and through the undersigned Assistant United States Attorney, provide this supplemental brief in response to the Order [ECF No. 73] requiring the same.

In the Order, the Court ordered the parties to provide supplemental briefing addressing whether Plaintiffs' Motion for Preliminary Injunction, a Stay Preliminarily Vacating Agency Action Under 5 U.S.C. §§ 705 & 76(2), and Summary Judgment in the Alternative [ECF No. 15, Case No. 26cv21935] (PI Motion) is moot in light of *Dorcas Int'l Inst. of Rhode Island v. United States Citizenship & Immigr. Servs.*, No. 26-CV-132-JJM-PAS, 2026 WL 1622708 (D.R.I. June 5, 2026).

In the PI Motion, the Travieso Plaintiffs seek an order enjoining Policy Alert, PA-2025-26, *Impact of INA 212(f) on USCIS' Adjudication of Discretionary Benefits* (Nov. 27, 2025) (PA-2025-26); Policy Memorandum, PM-602-0192, *Hold and Review of all Pending Asylum Applications and all USCIS Benefit Applications Filed by Aliens from High-Risk Countries* (Dec. 2, 2025) (PM-602-0192); Policy Memorandum, PM-602-0194, *Hold and Review of USCIS*

*Benefit Ap-plications Filed by Aliens from Additional High-Risk Countries* (Jan. 1, 2026) (PM-602-0194); and 8 C.F.R. § 1245.2(a)(1)(ii).[1]  PI Motion p.4.

In *Dorcas*, the district court issued an order vacating and setting aside PA-2025-26, PM-602-0192, and PM-602-0194.  *Dorcas*, 2026 WL 1622708, at *57.  On June 12, 2026, the U.S. Citizenship (USCIS) issued a press release in which it stated that the *Dorcas* "vacatur applies to PM 602-0192, PM 602-0194, and PA 2025-26," and that all three will be "treated as if they are not in effect."  Court Order on Hold Policies (https://www.uscis.gov/newsroom/alerts/court-order-on-hold-policies last checked on June 29, 2026).  On the same day, the defendants in *Dorcas* filed Defendants' Notice of Appeal.  *Dorcas* is now on appeal before the First Circuit Court of Appeals.  On June 19, 2026, the defendants in *Dorcas* filed Defendants' Motion for Stay Pending Appeal, seeking "a stay of the Court's vacatur order and order enforcing the vacatur while the appeal is pending before the United States Court of Appeals for the First Circuit."  The Motion for Stay is currently set for oral argument on July 8, 2026.

"Article III of the Constitution limits the jurisdiction of federal courts to 'cases' and 'controversies,' and the justiciability doctrine's main components include mootness." *Djadju v. Vega*, 32 F.4th 1102, 1106 (11th Cir. 2022) (internal quotation marks omitted).  "A cause of action becomes moot when it no longer presents a live controversy with respect to which the court can give meaningful relief."  *Id.* (internal quotation marks omitted).  The case-or-

---

[1] As Defendants explained in Defendants' Response in Opposition to Plaintiffs' Motion for Preliminary Injunction, a Stay Preliminarily Vacating Agency Action Under 5 U.S.C. §§ 705 & 76(2), and Summary Judgment in the Alternative [ECF No. 20], "Plaintiffs' attack on § 1245.2(a)(1)(ii) is collateral to Plaintiffs' attack on the Policy Memoranda. While Defendants maintain that there is no indefinite hold in place, should the Court find that the Policy Memoranda impose an indefinite hold, the proper relief would be to enjoin the effect of that indefinite hold—not vacate a regulation that the Eleventh Circuit ruled is valid."  Response p.10 (citing *Scheerer v. U.S. Atty. Gen.*, 513 F.3d 1244, 1250–51 (11th Cir. 2008) (upholding § 1245.2(a)(1)(ii) because it "merely delineates the forum in which … applications are to be adjudicated")).  Accordingly, to the extent Plaintiffs' challenge to the Policy Memoranda is mooted, so too is their challenge to § 1245.2(a)(1)(ii).

controversy requirement subsists through all stages of federal judicial proceedings. *Health Freedom Def. Fund v. President of United States*, 71 F.4th 888, 891 (11th Cir. 2023).

There can be little doubt that this case, including the PI Motion, would be moot if the First Circuit affirmed *Dorcas* and a mandate issues. In that case, there would be a final order vacating the relevant policies, which should moot out the PI Motion and this case.

The question posed here, however, is whether the PI Motion is moot during the pendency of the appeal. The answer to that question would appear to be no. "[C]ourts routinely grant follow-on injunctions against the Government, even in instances when an earlier nationwide injunction has already provided plaintiffs in the later action with their desired relief." *Whitman-Walker Clinic, Inc. v. U.S. Dep't of Health & Hum. Servs.*, 485 F. Supp. 3d 1, 60 (D.D.C. 2020). This is the case because, until the order becomes final, it "could be overturned or limited at any time." *California v. Health & Hum. Servs.*, 390 F. Supp. 3d 1061, 1066 (N.D. Cal. 2019) (analyzing whether the plaintiff may be irreparably harmed if a follow-on injunction were not granted).

While some courts have issued follow-on injunctions in similar circumstance, "other courts have taken different approaches. Some, for instance, have entered discretionary stays or otherwise denied preliminary-injunction motions upon the issuance of a nationwide injunction granting relief similar to what plaintiffs in the later suit sought." *Whitman-Walker Clinic*, 485 F. Supp. 3d at 60. So too here, the Court may exercise its discretion and stay the PI Motion until the First Circuit issues a mandate.

"The District Court has broad discretion to stay proceedings as an incident to its power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 706 (1997). "Where 'a federal appellate decision is likely to have substantial or controlling effect on the claims and issues,' a stay may be

warranted." *Sessions v. Barclays Bank Delaware*, 276 F. Supp. 3d 1349, 1350 (N.D. Ga. 2017) (quoting *Miccosukee Tribe of Indians v. S. Fla. Water Mgmt. Dist.*, 559 F.3d 1191, 1198 (11th Cir. 2009)) (alterations accepted).

"When a district court exercises its discretion to stay a case pending the resolution of related proceedings in another forum, the district court must limit properly the scope of the stay. A stay must not be 'immoderate.'" *Ortega Trujillo v. Conover & Co. Commc'ns*, 221 F.3d 1262, 1264 (11th Cir. 2000).   In *Ortega*, the Eleventh Circuit held that the stay at issue there was immoderate, and therefore an abuse of discretion, because it would "expire only after a trial … and the exhaustion of appeals" in another case.   *Id*.   Where, as is the case here, the stay would last only until the resolution of a pending appeal, courts have held the stay is not immoderate. *See, e.g., Sessions*, 276 F. Supp. 3d at 1350.

In this case, should the First Circuit uphold *Dorcas*, this case would be rendered moot. Accordingly, while Dorcas does not moot out the PI Motion, it is within the Court's discretion to stay this case pending the resolution of the *Dorcas* appeal.

Respectfully submitted,

JASON A. REDING QUIÑONES
UNITED STATES ATTORNEY

**Anthony Erickson-Pogorzelski**
ANTHONY ERICKSON-POGORZELSKI
ASSISTANT U.S. ATTORNEY
99 N.E. 4th Street, 3rd Floor
Miami, Florida 33132
Tel: (305) 961-9296
Fla. Bar 619884
Email: anthony.pogorzelski@usdoj.gov