**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

CASE NO. 26-21565-CIV-LEIBOWITZ/HERNANDEZ

E.M.P.C., et al.,

       Plaintiffs,

v.

MARKWAYNE MULLIN,
Secretary of Homeland Security, et al.,

       Defendants.

_____/

**EMPC PLAINTIFFS' RESPONSE TO THE**
**ORDER REQUIRING SUPPLEMENTAL BRIEFING**

The EMPC Plaintiffs, by and through undersigned counsel, respond to the Court's Order [ECF No. 73] directing the parties to address whether the Travieso Plaintiffs' Motion for Preliminary Injunction [ECF No. 15, Case No. 26-cv-21935] (the "Motion") is moot in light of *Dorcas Int'l Inst. of Rhode Island v. USCIS*, No. 26-CV-132-JJM-PAS, 2026 WL 1622708 (D.R.I. June 5, 2026).

It is not. And Defendants agree. In their supplemental brief, Defendants concede that the Motion is not "moot during the pendency of the appeal" and that "[t]he answer to that question would appear to be no." [ECF No. 75 at 3]. Defendants' concession resolves the only question before the Court, as the parties agree that the Motion should proceed. Defendants nonetheless ask the Court to *stay* the Motion pending the *Dorcas* appeal — a request that is neither within the scope of this briefing nor warranted, and that would leave Plaintiffs exposed to the very harm the Motion seeks to prevent.

1

## I.       The Motion Is Not Moot.

### A.       *Dorcas* is not final, and the challenged policies can be reinstated at any time.

*Dorcas* vacated PA-2025-26, PM-602-0192, and PM-602-0194, and USCIS announced it would treat those policies "as if they are not in effect." [ECF No. 75 at 2]. But *Dorcas* is not final. Defendants — the same USCIS and DHS officials who are Defendants here — have appealed to the First Circuit and moved to stay the vacatur pending appeal, with oral argument set for July 8, 2026. *Id*. As the very authority Defendants invoke recognizes, "the existence of another injunction — particularly one in a different circuit that could be overturned or limited at any time — does not negate [Plaintiffs'] claimed irreparable harm." *California v. Health & Hum. Servs.*, 390 F. Supp. 3d 1061, 1066 (N.D. Cal. 2019); see also *Whitman-Walker Clinic, Inc. v. U.S. Dep't of Health & Hum. Servs.*, 485 F. Supp. 3d 1, 60 (D.D.C. 2020). Indeed, "courts routinely grant follow-on injunctions against the Government," even where an earlier nationwide injunction already provided relief. Whitman-Walker, 485 F. Supp. 3d at 60. Defendants concede as much. [ECF No. 75 at 3].

If the First Circuit stays or reverses *Dorcas*, the three policies spring back into force, not because any First Circuit ruling would bind this Court, but because the *Dorcas* vacatur is the only thing currently holding those policies off the books. Plaintiffs would then be immediately re-exposed to the indefinite holds the Motion challenges, with no injunction of their own to protect them. A non-final, out-of-circuit vacatur that Defendants are actively working to undo is no substitute for the relief the Motion seeks from this Court.

### B.       USCIS's voluntary compliance does not moot the case.

USCIS's June 12, 2026 press release is voluntary compliance, and "voluntary cessation of challenged practice" does not moot a case unless "it is absolutely clear that the allegedly wrongful

behavior could not reasonably be expected to recur." *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 189 (2000). The party asserting mootness "bears the formidable burden" of making that showing. *Already, LLC v. Nike, Inc.*, 568 U.S. 85, 91 (2013). Defendants cannot carry it. USCIS's compliance is expressly tethered to the *Dorcas* vacatur — the policies are "treated as if they are not in effect" because *Dorcas* vacated them, not because Defendants have disavowed them. [ECF No. 75 at 2]. Defendants have made no commitment not to reinstate the policies; to the contrary, they have appealed *Dorcas* and moved to stay it. A defendant that is litigating for the right to resume the challenged conduct has not shown that the conduct "could not reasonably be expected to recur." *Laidlaw*, 528 U.S. at 189. On the contrary, such a defendant remains "free to return to his old ways." *United States v. W. T. Grant Co.*, 345 U.S. 629, 632 (1953). The Supreme Court applied that principle in *City of Mesquite v. Aladdin's Castle, Inc.*, holding a challenge not moot even though the defendant had repealed the contested provision, because repeal "would not preclude it from reenacting precisely the same provision if the District Court's judgment were vacated." 455 U.S. 283, 289 (1982).

### C.      *Dorcas* did not reach 8 C.F.R. § 1245.2(a)(1)(ii).

Independently, *Dorcas* vacated only the three policy memoranda; it did not address 8 C.F.R. § 1245.2(a)(1)(ii), which the Motion also challenges. *See* [ECF No. 75 at 2 & n.1]. *Dorcas* therefore cannot moot Plaintiffs' challenge to the regulation, and this case would remain live even if the vacatur of the memoranda were treated as final. And even a First Circuit decision affirming *Dorcas* would not resolve everything before this Court: its ruling would be persuasive but not binding here, and it would not reach Plaintiffs' independent challenge to § 1245.2(a)(1)(ii) or their claims under Eleventh Circuit law. This Court's obligation to adjudicate the Motion remains its own.

**II.      The Court Should Not Stay the Motion.**

Because Defendants concede the Motion is not moot, the question the Court posed is answered, and Defendants' alternative request for a discretionary stay falls outside the scope of this supplemental briefing. Should the Court reach it, a stay is unwarranted.

*First*, a stay presumes that the *Dorcas* appeal will resolve, or substantially control, the questions before this Court. It will not. Whether the First Circuit affirms or reverses, its decision is persuasive authority only — it does not bind this Court. A stay to await another proceeding is warranted where that proceeding is "likely to have a substantial or controlling effect on the claims and issues in the stayed case." *Miccosukee Tribe of Indians v. S. Fla. Water Mgmt. Dist.*, 559 F.3d 1191, 1198 (11th Cir. 2009). A ruling this Court remains free to follow or reject is not such a decision. Defendants' own authority proves the point. In *Sessions*, the court stayed a TCPA action only because the awaited D.C. Circuit decision "w[ould] be binding on this Court with regard to a threshold issue for liability" under the Hobbs Act, and because a decision "seem[ed] imminent within the coming months" after full briefing and oral argument. *Sessions v. Barclays Bank Del.*, 276 F. Supp. 3d 1349, 1351 (N.D. Ga. 2017). Neither condition is present here. No statute makes the First Circuit's *Dorcas* ruling binding on this Court, and that appeal is not imminent — it is only beginning. Nor would a First Circuit ruling adjudicate Plaintiffs' distinct claims under Eleventh Circuit law, including their challenge to § 1245.2(a)(1)(ii).

*Second*, the proposed stay would be "immoderate." *Ortega Trujillo v. Conover & Co. Commc'ns*, 221 F.3d 1262, 1264 (11th Cir. 2000). A stay is immoderate unless its endpoint is "susceptible of prevision and description" at the outset, considering both its duration and justification. *Id*. Although Defendants say the stay would end when the First Circuit issues its mandate, that endpoint is neither near nor certain: the *Dorcas* appeal has not yet proceeded through

4

merits briefing, argument, decision, and any rehearing or certiorari proceedings. Plaintiffs, who are strangers to *Dorcas*, can do nothing to hasten that process. That is the indefinite posture *Ortega* condemned, where the stay was "immoderate" because it would "expire only after a trial … and the exhaustion of appeals" in the related case. *Id*.; see also *Sessions*, 276 F. Supp. 3d at 1351.

*Third*, a stay would trap Plaintiffs at the worst moment. If the First Circuit grants Defendants' stay motion on July 8, the *Dorcas* vacatur is suspended and the challenged policies are reinstated — while this case sits stayed. Plaintiffs would face the reimposed holds with no adjudication of their Motion and no injunction to protect them. The way to avoid that result is to decide the Motion now, not to defer it to the uncertain outcome of litigation to which Plaintiffs are not parties.

For these reasons, the Motion is not moot. Plaintiffs respectfully request that the Court reach that conclusion, decline Defendants' request for a stay, and adjudicate the Motion on the merits.

Respectfully submitted,

/s/ *Arno Lemus*
**Arno Javier Lemus**
FL Bar No.: 0103075
Attorney E-mail: arno@lemus.org
Lemus Law Group
1024 NW 102 PL
Miami, FL 33172
Telephone: (786) 816-2795
Attorney for Plaintiffs

5

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on July 3, 2026, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send a notice of electronic filing to all counsel of record.

/s/ *Arno Lemus*
**Arno Javier Lemus**