**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 26-21565-CIV-LEIBOWITZ/HERNANDEZ**

**E.M.P.C.**, *et al.*,

     Plaintiffs,

v.

**MARKWAYNE MULLIN**,
Secretary of Homeland Security, *et al.*,

     Defendants

_____/

## DEFENDANTS' MOTION TO STAY

Defendants, by and through the undersigned Assistant United States Attorney, move to stay this case until the resolution of the appeal of *Dorcas Int'l Inst. of Rhode Island v. United States Citizenship & Immigr. Servs.*, No. 26-CV-132-JJM-PAS, 2026 WL 1622708 (D.R.I. June 5, 2026), and in support thereof state the following.

**INTRODUCTION**

This case should be stayed because the order issued in *Dorcas* resolved the issues raised, and the resolution of the *Dorcas* appeal may permanently resolve those issues. By way of the Second Amended and Supplemental Class Action Complaint for Declaratory, Injunctive, and Mandamus Relief (ECF No.63) (Complaint), Plaintiffs "challenge[] the federal government's indefinite suspension of the adjudication of adjustment-of-status applications filed by Cuban nationals under the Cuban Adjustment Act." Complaint ¶1. Plaintiffs allege that Policy Memorandum, PM-602-0192, *Hold and Review of all Pending Asylum Applications and all USCIS Benefit Applications Filed by Aliens from High-Risk Countries* (Dec. 2, 2025) (PM-602-0192), and Policy Memorandum, PM-602-0194, *Hold and Review of USCIS Benefit Ap-*

*plications Filed by Aliens from Additional High-Risk Countries* (Jan. 1, 2026) (PM-602-0194), impose the challenged "indefinite suspension" of adjudications. By way of relief, Plaintiffs ask this court to set aside and vacate the policy memoranda. *Id*. p.45-46.

In *Dorcas*, the district court issued an order vacating and setting aside the relevant policy memoranda, PM-602-0192 and PM-602-0194, effectively granting Plaintiffs the relief they seek. *Dorcas*, 2026 WL 1622708, at *57. Although there is currently an appeal of the order in *Dorcus* pending, the policy memoranda are not currently in effect pending the resolution of that appeal. Court Order on Hold Policies (https://www.uscis.gov/newsroom/alerts/court-order-on-hold-policies last checked on August 9, 2026). Plaintiffs cannot refute this fact as their applications are currently, actively being adjudicated: there is no "indefinite suspension" of adjudications.[1] Moreover, the *Dorcas* appeal may, permanently, resolve the issues raised in this case. Accordingly, for the reasons stated below, Defendants move to stay this case pending the resolution of the *Dorcas* appeal.

**ANALYSIS**

"The District Court has broad discretion to stay proceedings as an incident to its power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 706 (1997). This includes "the inherent power to stay proceedings in one suit until the decision of another." *Hart Mech. Contractors, Inc. v. Fed. Ins. Co.*, No. 22-21390-CIV, 2022 WL 18465613, at *6 (S.D. Fla. Oct. 14, 2022). Where, as is the case here, "'a federal appellate decision is likely to have substantial or controlling effect on the claims and issues,' a stay may be warranted." *Sessions v. Barclays Bank Delaware*, 276 F. Supp. 3d 1349, 1350 (N.D. Ga. 2017) (quoting *Miccosukee Tribe of Indians v. S. Fla. Water Mgmt. Dist.*, 559 F.3d 1191, 1198 (11th Cir. 2009)) (alterations accepted).

---

[1] As of the filing of this Motion, one I-485 and two I-765s filed by named plaintiffs have been approved and twelve I-485 filed by named plaintiffs have been scheduled for interviews. Adjudications are ongoing.

In *Miccosukee*, the district court stayed the case *sua sponte* (i.e., "without a request from the parties")[2] to await the outcome of a parallel appeal involving a similar action and related to the same issues. *Id.* at 1194. The Eleventh Circuit held that "the reason for the district court's stay was at least a good one, if not an excellent one: to await a federal appellate decision that is likely to have a substantial or controlling effect on the claims and issues in the stayed case." *Id.* at 1198. So too here, the Court should stay this case until the resolution of the *Dorcas* appeal.

Undersigned counsel conferred with opposing counsel, and opposing counsel represents that Plaintiffs oppose the stay.

WHEREFORE, for the foregoing reasons, Defendants move for a stay of this case until the resolution of the *Dorcas* appeal.

Respectfully submitted,

JASON A. REDING QUIÑONES
UNITED STATES ATTORNEY

**Anthony Erickson-Pogorzelski**
ANTHONY ERICKSON-POGORZELSKI
ASSISTANT U.S. ATTORNEY
99 N.E. 4th Street, 3rd Floor
Miami, Florida 33132
Tel: (305) 961-9296
Fla. Bar 619884
Email: anthony.pogorzelski@usdoj.gov

---

[2] Defendants did not originally move to stay the case given that the Court may stay the case *sua sponte* if it were so inclined. In light of the Report and Recommendation issued in the related, and formerly consolidated, case of *Travieso v. Edlow*, Case No. 26cv21935-LEIBOWITZ/Hernandez (ECF No.24), in which the Court observed that the defendants there "did not … move for a stay, which would have been the appropriate vehicle for relief," *id*. at p.3, Defendants now formally move for a stay.