**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 1:26-cv-21565-LEIBOWITZ/HERNANDEZ**

**E.M.P.C., *et al.*,**

*Plaintiffs*,

*v.*

**MARKWAYNE MULLIN, *et al.*,**

*Defendants.*

_______________________________________/

**ORDER**

Before the Court is Defendants' motion for a stay pending appellate review of a decision[1] that vacated the policies at the heart of this case ("Motion"). [ECF No. 81]. Plaintiffs oppose the stay, [ECF No. 83]. After considering the parties' arguments, the relevant authorities, and being otherwise informed in the premises, the Motion is GRANTED.

* * *

Plaintiffs filed their original complaint on March 9, 2026, asserting, among others, claims under the Administrative Procedures Act ("APA"), the Cuban Adjustment Act ("CAA"), and the Fifth Amendment. [ECF No. 1 ¶¶ 62–139].

Central to the Complaint were United States Citizenship and Immigration Services ("USCIS") policies pausing adjudication of certain immigration benefits applications[2] (the "Hold Memos"). [ECF No. 1 at 29 ¶ c]. The Complaint also sought to set aside a policy outlining certain country-specific negative factors to be considered in adjudicating those applications[3] (the "Discretion Memo"). *Id.*

[1] *Dorcas Int'l Inst. of R.I. v. United States Citizenship & Immigr. Servs.*, 834 F. Supp. 3d 242 (D.R.I. 2026), *judgment entered*, No. 26-CV-132-JJM-PAS, 2026 WL 1695954 (D.R.I. June 11, 2026).
[2] USCIS Policy Memoranda, PM-602-0192 and PM-602-0194.
[3] USCIS Policy Alert, PA-2025-26.

Plaintiffs twice amended the Complaint since filing: first to include class-related allegations, [ECF No. 41], then to narrow the class definition, [ECF No. 63]. Also, the Second Amended Complaint, which is the operative complaint, now targets only the Hold Memos. *Id.* at 45–46.

On June 5, 2026, a district court in Rhode Island vacated the Challenged Policies after concluding that they violate the APA. *Dorcas Int'l Inst. of R.I.*, 834 F. Supp. 3d at 324–25. As a result, USCIS released an alert acknowledging the *Dorcas* decision and stating that the Challenged Policies "should be treated as if they are not in effect." *See* United States Citizenship & Immigr. Servs., *Court Order on Hold Policies*, Alerts, https://perma.cc/93RV-SXN8 (June 12, 2026).

On August 10, 2026, Defendants filed the Motion seeking a stay pending the *Dorcas* appeal. [ECF No. 81]. Defendants argue that a stay is warranted, "because the order issued in *Dorcas* resolved the issues raised, and the resolution of the *Dorcas* appeal may permanently resolve those issues." *Id.* at 1. They further contend that a stay will not prejudice Plaintiffs because the Hold Memos are not being enforced and Plaintiffs applications "are currently, actively being adjudicated." *Id.* at 2. To support this point, Defendants say—and Plaintiffs do not refute—that several of Plaintiffs' applications have been approved post-*Dorcas*. *Id.* at n.1; *see* [ECF No. 83]. Plaintiffs object that a stay is inappropriate for three reasons. First, they claim that any decision in *Dorcas* is, at best, persuasive authority that will not conclude the matter here. [ECF No. 83 at 1]. Second, they say a stay is "immoderate" because its endpoint is "neither near nor certain." *Id.* Third, in Plaintiffs' view, the equities "forbid" a stay because it leaves them "exposed to the very holds challenged here if the First Circuit disturbs the *Dorcas* vacatur." *Id.* at 2.

Courts have "broad discretion to stay proceedings." *Clinton v. Jones*, 520 U.S. 681, 706 (1997); *see also Johnson v. Johnson Bd. of Regents of Univ. of Ga.*, 263 F.3d 1234, 1269 (11th Cir. 2001) ("[W]e accord district courts broad discretion over the management of pre-trial activities, including discovery and scheduling.") (cleaned up). This discretion extends to orders staying proceedings pending the

outcome in another case. *Landis v. N. Am. Co.*, 299 U.S. 248, 254–55 (1936). A court's discretion is not unbridled. *Barr v. Harvard Drug Group, LLC*, No. 13-CV-62019-KAM, 2015 WL 11181968, at *3 (S.D. Fla. Dec. 7, 2015) (citing *Landis*, 299 U.S. at 254–255). In deciding whether a stay is appropriate, courts consider whether: (1) the balance of harms favors the stay; (2) movant has shown hardship or inequity in proceeding with the case; (3) the requested stay is indefinite, and (4) granting the stay serves the public interest. *Barr*, 2015 WL 11181968, at *3–4. Other factors include promoting efficiency and conserving judicial resources. *See Gill v. City of Margate*, No. 25-60913-CIV, 2026 WL 1040562, at *1 (S.D. Fla. Mar. 27, 2026).

Here, the factors support granting Defendants' Motion. First, denying the Motion risks harm to both parties through expensive, potentially futile litigation. *See Barr*, 2015 WL 11181968, at *4 (concluding that relative harms weigh in favor of a stay where a pending decision could render the case moot, and thus continued, "costly litigation" may be "in vain"). Second, and relatedly, the balance of equities also favors granting the stay. Notably, Plaintiffs do not allege that their litigation position will worsen during the stay. Third, the stay has a clearly defined end—the *Dorcas* appellate decision. [ECF No. 81 at 3]. Fourth, because the *Dorcas* decision may be outcome-determinative, a stay serves the public interest by avoiding inconsistent litigation outcomes, promoting efficiency, and conserving judicial (and litigant) resources. *See Martinez Moncada v. Noem*, No. 26-21625-CIV, 2026 WL 2597477, at *1 (S.D. Fla. Aug. 26, 2026) (granting opposed motion for stay pending resolution of out-of-district action, where both cases involved the "same relief, target[ed] the same alleged practices, and involve[d] similar factual allegations"). Thus, the Court finds that the requested relief is appropriate.

Plaintiffs' contentions to the contrary fail on both the law and the facts. First, the law. Because the *Dorcas* court vacated the Hold Memos, an appellate decision affirming the vacatur constitutes a nationwide elimination of the policies. This is not "persuasive" authority but a grant of Plaintiffs' requested relief, which weighs in favor of a stay. *See Miccosukee Tribe of Indians v. S. Fla. Water Mgmt.*

*Dist.*, 559 F.3d 1191, 1198 (11th Cir. 2009) (reason for a stay "was at least a good one, if not an excellent one" where a pending appellate decision was likely to have "a substantial or controlling effect on the claims and the issues in the stayed case"). Along similar lines, Plaintiffs argue that, because *Dorcas* did not address 8 C.F.R. § 1245.2(a)(1)(ii), a First Circuit opinion will ignore a subset of the issues in this case. [ECF No. 83 at 1, 4]. This claim omits a key aspect of Plaintiffs' regulatory argument—that § 1245.2(a)(1)(ii), when *combined* with the Hold Memos, denies them their due adjudicatory forum.[4] *See* [ECF No. 63 ¶ 138]. Removing the Hold Memos, however, eliminates the alleged obstacle to adjudication underpinning Plaintiffs' alleged injury. And so, *Dorcas*, contrary to Plaintiffs' framing, is outcome determinative.

Turning to the facts, Plaintiffs claim the stay is "immoderate" and fails the equities analysis because it leaves them in adjudicatory limbo for an indefinite period. [ECF No. 83 at 1–2]. This argument hinges on two faulty assumptions; first, that Defendants' resumption of adjudication is a "voluntary cessation"; and second, that the stay is indefinite. [ECF No. 83 at 4–6]. But as Defendants' public notices make abundantly clear, they ceased implementing the Hold Memos because the *Dorcas* court made them. Reactivating the policies puts Defendants in violation of a court order. The fact that the *Dorcas* defendants—the same defendants here—sought to stay the district court's order shows that they do not, in fact, see adherence as "voluntary." *See Dorcas*, No. 1:26-cv-132, Dkt. No. 46. Plaintiffs do not allege that Defendants will defy a court order, relying instead on the inaccurate characterization of the government's actions as "voluntary" to support their fear of noncompliance. Curiously, Plaintiffs acknowledge that the government's compliance is "forced obedience" and claim compliance cannot be "complete" because Defendants are "actively litigating to undo [the *Dorcas*

[4] Plaintiffs also object that, because *Dorcas* declined to reach the APA notice-and-comment question, it did not decide all issues presented here. [ECF No. 83 at 4]. This misses the point—if *Dorcas* gives Plaintiffs their requested relief, the Court need not reach every alternative theory of harm. In other words, *Dorcas* can be outcome determinative without deciding every issue here.

order]." [ECF No. 83 at 5]. But the question is not whether Defendants are satisfied with the *Dorcas* order—there would be no appeal if they were. The equities analysis asks, instead, whether Plaintiffs will be prejudiced by a stay. They have identified no such prejudice, merely the (unsupported) fear of prejudice stemming from the disregard of a court order.[5] Under the circumstances, we cannot agree that the equities weigh against a stay.

Moreover, the requested stay has a clear end and is thus not "indefinite." [ECF No. 81 at 3]. Relying on *Ortega Trujillo v. Conover & Co. Communications, Inc.*, Plaintiffs protest that the First Circuit's decision is "neither near nor certain." [ECF No. 83 at 6]. In *Ortega Trujillo*, the district court erred by staying a case *sua sponte* pending trial *and appeal* in a foreign court. 221 F.3d 1262, 1263–65 (11th Cir. 2000). The Eleventh Circuit, while observing that a "variety of circumstances may justify a district court stay pending resolution of a related case," cautioned that a court "must limit properly the scope of [a] stay." *Id.* The requested stay here, which is anchored to an already-filed domestic appeal, contrasts sharply with the one issued in *Ortega Trujillo*, which encompassed the entire life cycle of a foreign matter. And Plaintiffs do not suggest that the *Dorcas* case is marking an unusually slow pace. *Ortega Trujillo*, 221 F.3d at 1264 (noting that "the record indicate[ed] that the [foreign] case [wa]s not progressing quickly"). Moreover, the Court's order provides for monthly status reports to further safeguard against indefinite pauses.

[5] Plaintiffs point to a recent case where the government successfully moved to stay a district court order setting aside agency action, arguing it "demonstrates that the protection Plaintiffs presently derive from the *Dorcas* vacatur can disappear." [ECF No. 83 at 7]. But Plaintiffs identify no such stay motion pending before the Supreme Court. And they overlook the government's *unsuccessful* stay motion in *Dorcas*. In short, the generalized fear of the Hold Memos' reactivation is a speculative risk rather than concrete prejudice. But even this speculative fear is unfounded, because this case will only be stayed "while the order in *Dorcas* remains in effect during appeal."

It is therefore ORDERED AND ADJUDGED that the Motion, [ECF No. 81], is GRANTED as follows:

1. This case is STAYED while the order in *Dorcas* remains in effect during appeal.
2. The parties are ordered to file a joint status report with the Court every 30 days from the date of this order.

DONE AND ORDERED in the Southern District of Florida on September 9, 2026.

YENEY HERNANDEZ
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF FLORIDA